**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 6 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN PERRY, an individual, | No.    19-55411 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-09543-JFW-SS |
| v. | |
| PHIL BROWN, an individual, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted October 18, 2019
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and BATAILLON,[**]
District Judge.

Phil Brown appeals the district court's denial of his anti-SLAPP and Rule

12(b)(2) motions challenging Steve Perry's California right-of-publicity claims and

the district court's personal jurisdiction, and the district court's imposition and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

extension of a temporary restraining order ("TRO").  We have jurisdiction under 28 U.S.C. §§ 1291 and 1292(a)(1).  We affirm, but remand for the district court to promptly hold a hearing and issue findings concerning Perry's request for a preliminary injunction.

1.  Although we generally lack jurisdiction over temporary restraining orders, "an order that does not possess the essential features of a temporary restraining order will be treated like a preliminary injunction." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 804 (9th Cir. 2002).  The initial ex parte TRO lasted only 14 days and thus was not appealable.  *Id.*  The district court's three-month extension in March, however, had a duration six times the length of an ordinary TRO and was made after notice and briefing in opposition by Brown.  It is therefore appealable.  *See id.*; *SEIU v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1067 (9th Cir. 2010).

2.  In appeals of preliminary injunctions, we have pendent jurisdiction to review personal jurisdiction properly challenged in the district court.  *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1134–35 (9th Cir. 2005).  The district court did not err in determining that it had personal jurisdiction over Brown.  We apply California's long-arm statute permitting jurisdiction to the full extent of the Constitution.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004); Cal. Civ. Proc. Code § 410.10.  Because the motion was decided

on written materials, Perry must put forth only a "prima facie showing of personal jurisdiction," and we review the district court's determination de novo. *Schwarzenegger*, 374 F.3d at 800 (quoting *Caruth v. Int'l. Psychoanalytical Ass'n*, 50 F.3d 126, 128 (9th Cir. 1995)). Specific personal jurisdiction requires purposeful availment or direction of the defendant's activities towards the forum; that the claim relate to the defendant's forum-related activities; and that the exercise of jurisdiction be reasonable. *Id*. at 802. In the tort context, purposeful direction in turn requires that a defendant "have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012) (quoting *Marvis Photo Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011)).

Perry has established the first two prongs of specific jurisdiction. Brown purposefully directed his actions at California by targeting Perry, whom he knew to be a California resident, through the use of Perry's name and likeness in proximity to advertisements of Brown's band and CD. *See id.* at 677–79. And Brown's actions were based on his claimed right to exploit the 1991 works that he participated in writing and recording with Perry in California, two of which are the subject of a contract executed in California. These actions "create a substantial connection with California" that satisfies the requirements of personal jurisdiction.

*Walden v. Fiore*, 571 U.S. 227 (2014); *see also Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017).[1]

Because the first two prongs are satisfied, the burden shifts to Brown to make "a compelling case" that specific jurisdiction would be unreasonable under a seven-factor test. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). We conclude he has not presented such a case, because the balance of the factors is at best equivocal. Brown lived for many years in California before moving to Tennessee and directing his actions toward a California resident. The underlying works at issue were written and recorded in California and the related contracts were executed in California. Excepting that Brown is now a Tennessee resident, nothing about the internet postings makes Tennessee's location particularly important to the litigation. Any inconvenience to Brown does not outweigh his purposeful direction to California and the 1991 California works at issue.

3. The district court did not err in denying Brown's anti-SLAPP motion to strike Perry's California right-of-publicity claims. Brown asserts only affirmative defenses to the right-of-publicity claims and so bears the burden of proof. *Davis v.*

---

[1] These actions also constitute "purposeful availment" for the purposes of Perry's declaratory judgment claim, which would bring with it "pendent personal jurisdiction over any remaining claims that arise out of the same 'common nucleus of operative facts,'" including here Perry's other claims. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

*Elec. Arts, Inc.*, 775 F.3d 1172, 1177 (9th Cir. 2015). Because these defenses raise issues of fact, Brown must establish his defense as a matter of law. *Id*.; *see also Hilton v. Hallmark Cards*, 599 F.3d 894, 910 (9th Cir. 2010).

Here, there is a factual issue as to whether Brown created the false impression that Perry has endorsed Brown's band. That issue prevents Brown from prevailing as a matter of law. *See Cher v. Forum Int'l, Ltd.*, 692 F.2d 634, 638–40 (9th Cir. 1982); *Montana v. San Jose Mercury News, Inc.*, 34 Cal. App. 4th 790, 797 (1995).[2]

4. The district court's extension of the TRO for three months over Brown's objection, without issuing findings of fact and conclusions of law, was procedurally improper. *See* Fed. R. Civ. P. 52(a)(2), 65(b)(2); *FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004). While this appeal was pending, however, the parties stipulated to extend the TRO and stay the case and the preliminary-injunction hearing pending this appeal. *See* Fed. R. Civ. P. 65(b)(2) (allowing the extension of a TRO "for good cause" or when "the adverse party consents"). We thus remand for a proper hearing on the application for a

---

[2] Brown also makes an argument about Lanham Act fair use, but we lack jurisdiction to consider it. *Hallmark Cards*, 599 F.3d at 900–01. To the extent Brown seeks to import the Lanham Act test into the California right of publicity context, he cites no authority to do so, and in any event that test carves out an exception for acts that suggest "endorsement by the trademark holder." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1154 (9th Cir. 2002).

preliminary injunction but decline to vacate the TRO in the interim.[3]

On remand, unless the parties otherwise agree, the district court is instructed to hold a preliminary-injunction hearing "at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character," Fed. R. Civ. P. 65(b)(3), and to "state the findings and conclusions that support its action" on the record, Fed. R. Civ. P. 52(a)(2).

**AFFIRMED; REMANDED with instructions.**  Each party shall bear its own costs.

---

[3] Normally, a "failure to comply with Rule 52(a) does not require reversal unless a full understanding of the question is not possible without the aid of separate findings." *Enforma Nat. Prods.*, 362 F.3d at 1212.  Here, Brown has waived his challenge to the merits of the injunctive relief issue by failing to brief it. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).